```
1  JODI LINKER
   Federal Public Defender
2  DANIEL P. BLANK
   Senior Litigator
3  19th Floor Federal Building - Box 36106
   450 Golden Gate Avenue
4  San Francisco, CA 94102
   Telephone:  (415) 436-7700
5  Facsimile:  (415) 436-7706
   Email:      Daniel_Blank@fd.org
6
7  Counsel for Defendant MOUTON
```

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>     v.<br><br>JEREMY MOUTON,<br><br>            Defendant. | **Case No.:** CR 21–0080 VC<br><br>**DEFENDANT'S SENTENCING MEMORANDUM**<br><br>**Court:**   Hon. Vince Chhabria<br>**Date:**    May 17, 2022<br>**Time:**    1:00 p.m. |

**ARGUMENT**

Defendant Jeremy Mouton, who at age 34 has been homeless and struggling on-and-off with drug addiction for most of his adult life, has no prior felony convictions of any kind, and only two prior misdemeanors from 2010 for simple possession of drugs, for which he received probation. PSR ¶¶ 31-32, 49, 60.[1] For the reasons set forth below, the Court should vary downward under the factors of 18 U.S.C. § 3553(a) from the advisory guideline range of 12 to 18 months (reflecting an upward adjustment for absconder), and sentence him here to a term of imprisonment of "time served," effectively six months custody.

The instant offense from August 2019 involved Mr. Mouton offering to sell what he thought was Ecstasy to an undercover officer, but turned out to contain methamphetamine. *Id.* ¶¶ 9-13. While on pretrial release on this case, Mr. Mouton was initially living with his grandmother and testing negative for drug use, but he was asked to leave after she was diagnosed with cancer and was undergoing treatment that was complicated by COVID-19's strict measures. *Id.* ¶ 63. Homeless again and without transportation, complying with the conditions of pretrial release became much tougher. *Id.*

As a result of his spotty compliance, Mr. Mouton was ordered to surrender to the Santa Rita jail for a brief period of "flash incarceration," but he failed to report and thereafter absconded from supervision. *Id.* ¶¶ 16-17. As noted in the Presentence Report:

> Mr. Mouton deeply regrets his poor decision-making. This was during the pandemic and he was working doing Doordash at that time and trying to reconnect with his family, and he was afraid to turn himself in again, even if for a brief period. As a result of his failure to do so, he has been in continuous custody since December 9, 2022, much longer than he would have been if he had turned himself in.

*Id.* ¶ 17. Including time in state custody on the same offense, Mr. Mouton has served approximately six months to date in this case, with continuous custody since December 9, 2022. *Id.* ¶¶ 4, 7.

Mr. Mouton's brother Jason believes this case "has been a big turning point" for him. *Id.* ¶ 55. For his part, Mr. Mouton's future plans include "getting back out into the community, securing a job,

---

[1] Mr. Mouton's parents, both deceased, were alcoholics and his own struggles with drug addiction increased after their deaths. PSR ¶¶ 44-45, 50, 60.

helping his grandmother and brother, taking care of himself and his health, and securing stable housing." *Id.* ¶ 54.  Mr. Mouton also hopes to receive mental health counseling while on supervision to address the root causes of his drug use.  *Id.* ¶ 58.

For these reasons, it is respectfully submitted that a term of imprisonment of "time served" is warranted in this case.  The additional time he has spent in custody due to his absconder has impressed upon him the importance of following all conditions of his supervision, even when things like homelessness make it difficult to do so.

## CONCLUSION

For the foregoing reasons, the Court should sentence Mr. Mouton to a term of imprisonment of "time served," effectively six months custody.

Dated:     May 10, 2023

Respectfully submitted,

JODI LINKER
Federal Public Defender
Northern District of California

            /S
DANIEL P. BLANK
Senior Litigator

DEFENDANT'S SENTENCE MEMO
*MOUTON*, CR 21–0080 VC

2